[Cite as *Wall v. Dept. of Transp.*, 2011-Ohio-3532.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRENDA L. WALL

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-10700-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

**{¶ 1}** 1) Plaintiff, Brenda L. Wall, filed this action against defendant, Department of Transportation (ODOT), contending that the exhaust system on her 1989 Ford Mustang was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Sunbury Road in Franklin County. Specifically, plaintiff claimed her car was damaged when the vehicle struck an exposed manhole that had become elevated from the roadway surface after the surface was milled in preparation for repaving Sunbury Road. Plaintiff recalled the described damage incident occurred on September 11, 2010 at approximately 10:00 a.m. In her complaint, plaintiff requested damages in the amount of $180.00, the stated cost of automotive repair. The filing fee was paid.

**{¶ 2}** 2) Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact that "ODOT is not responsible for maintenance of this portion of Sunbury Road" where plaintiff's incident occurred. Defendant provided documentation (a map) showing the maintenance jurisdiction for Sunbury Road lies with either the Franklin County Engineer or the City of Westerville, depending on the precise

location described.  Defendant related, "[i]n sum, the Franklin County Engineer or City of Westerville is responsible for the maintenance of the roadway upon which plaintiff's incident occurred."

{¶ 3}  3)    Plaintiff did not respond.

CONCLUSIONS OF LAW

{¶ 4}  1)    R.C. 2743.01(A) provides:

{¶ 5}  "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state.  'State' does not include political subdivisions."

{¶ 6}  R.C. 2743.02(A)(1) states in pertinent part:

{¶ 7}  "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section.  To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 8}  R.C. 5501.31 in pertinent part states:

{¶ 9}  "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶ 10} The site of the damage-causing incident was not the maintenance jurisdiction of defendant.  Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRENDA L. WALL

      Plaintiff

      v.

DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2010-10700-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, this case is DISMISSED. The court shall absorb the court costs in excess of the filing fee.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Brenda L. Wall
4819 Ruff Court
Gahanna, Ohio 43230

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
2/24
Filed 4/5/11
Sent to S.C. reporter 7/8/11